■ SAMUEL DE MILIA, as President of the Patrolmen's Benevolent Association of the City of New York, et al., Appellants, v STATE OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered January 11, 1979, which, inter alia, declared chapter 201 of the Laws of 1978 valid and constitutional in all respects, modified, on the law, to the extent of reversing so much thereof as denied the defendants' motion to dismiss the complaint and rendered declaratory relief, the defendants' motion to dismiss the complaint is granted and the complaint is dismissed, without costs and disbursements, and without prejudice to any action or proceeding as plaintiffs, may be advised. Chapter 201 of the Laws of 1978 which, inter alia, amends the Financial Emergency Act of 1975, provides in pertinent part relevant to impasse procedures in the collective bargaining process, that New York City's "financial ability * * * to pay" be considered (see L 1978, ch 201, § 23). The plaintiffs' present labor contract with the city terminates on June 30, 1980 and provides in part that each party has "the right to re-open the economic provisions of any negotiated *successor* agreement * * * if a court of last resort * * * determines that the impasse provisions of * * * Sections 23, Paragraph 3, a through h, is unconstitutional" (emphasis supplied). Negotiations have not commenced on a contract for the succeeding two-year period. There is no pending board of collective bargaining review of an impasse panel proceeding and no pending judicial review of such proceedings involving the provisions of section 23. In the absence of a ripe ongoing collective bargaining process involving the parties, it is clear that at this point there may never be resort to section 23 as the parties may voluntarily enter into a new labor agreement without exhausting the collective bargaining negotiations and confronting an impasse. "A genuine dispute—or 'actual controversy' as the later adopted federal declaratory judgment provision calls it—is necessary for a declaratory judgment action. No New York action may be used to secure a mere advisory opinion, and this is as true of the declaratory action as of any other. CPLR 3001 also says that the controversy must be 'justiciable', * * * in this context the word is * * * used * * * to confirm that there must be an actual controversy" (Siegel, New York Practice, § 436, p 578). Concur—Kupferman, J. P., Sandler, Lane, Markewich and Lupiano, JJ. [96 Misc 2d 77.]